NOT DESIGNATED FOR PUBLICATION

No. 129,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN EUGENE PIKE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).


Before COBLE, P.J., BRUNS and HURST, JJ.


PER CURIAM: After pleading guilty to unlawful distribution of marijuana, Jordan Eugene Pike appeals his sentence. At his sentencing hearing, the district court granted his request for a durational departure. But the district court denied his request for a dispositional departure. After he filed his notice of appeal, we granted Pike's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). Based on our review of the record, we conclude that the district court did not abuse its discretion by denying Pike's request to be placed on probation. Thus, we affirm the sentence imposed by the district court.

1

FACTS

After Pike pled guilty to one count of unlawful distribution of marijuana, the district court accepted his plea and found him guilty. Based on Pike's criminal history score of E, he faced a presumptive prison sentence. However, before sentencing, Pike filed a motion for departure, asking the district court to grant him a durational departure to no more than 36 months in prison and further requesting that he be placed on probation.

In his departure motion, Pike argued that substantial and compelling reasons existed for a departure, including: (1) he was integrally involved as a member of his family and the community; (2) he provided care for his grandfather and support for his five children; (3) he was a carpenter and an active union member; (4) he accepted responsibility in this case; (5) he volunteers in the community; and (6) better treatment options for his substance abuse disorder exist in the community.

On August 1, 2025, the district court held a sentencing hearing. Although the district court denied Pike's request for a dispositional departure, the court granted him a durational departure—finding substantial and compelling reasons to durationally depart—and ordered him to serve a reduced prison sentence of 36 months. In denying his request for probation, the district court stated that the current offense was similar to the past offenses in his criminal history, so it reasoned that Pike had not learned from his past convictions. Thereafter, Pike timely filed a notice of appeal.

ANALYSIS

The sole issue presented by Pike on appeal is whether the district court abused its discretion by denying a dispositional departure. As indicated above, the district court found substantial and compelling reasons to grant Pikes' request for a durational departure but not a dispositional departure. If a departure sentence from a presumptive sentence is granted—as in this case—we review the denial of any additional departure for an abuse of discretion. See *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021).

A district court abuses its discretion only if the judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on a mistake of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting such abuse of discretion—in this case Pike—bears the burden of establishing such abuse. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024). Here, a review of the record reveals that the district court thoughtfully considered Pike's departure requests.

Specifically, the record reflects that the district court listened to defense counsel's argument regarding Pike's reasons for requesting probation. After doing so, the district court granted Pike a durational departure based on his acceptance of responsibility, his attempts to begin rehabilitation, and the State's willingness to join in his request. Still, the district court found that these reasons did not rise to the level of substantial and compelling reasons to further grant him a dispositional departure. As the district court explained, it could not "look past [Pike's] prior record" of past convictions for similar offenses. Ultimately, the district court sentenced Pike to 36 months in prison, which was substantially less than the presumptive prison term of 55 to 62 months.

Again, Pike bears the burden of proving that the sentencing court abused its discretion. See *Peters*, 319 Kan. at 497-98. He fails to do so in this case. We find that the district court adequately explained its reasoning for finding substantial and compelling

reasons to grant a durational departure, while also for finding that those reasons did not compel a dispositional departure. The district court's decision is supported by the record; and there is no allegation that it was based on an error of law or a mistake of fact. As a result, we conclude that the district court did not abuse its discretion, and we affirm Pike's sentence.

Affirmed.